IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY D. GIFFORD, )
 )
    Plaintiff, )
 )
 ) CASE NO. 3:12-cv-00959[1]
v. ) JUDGE CAMPBELL/KNOWLES
 )
 )
DARON HALL, DAN WEIKAL, JAMIE )
JOHNSON, WILLIAM GISE, LATESIA )
APPLETON, CLARK SARGENT, JEREMI )
SNIPES, and C/O "HUNT," )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss filed by Defendants Dan Weikal and Jamie Johnson. Docket No. 36. In support of that Motion, Defendants Weikal and Johnson have filed an accompanying Memorandum of Law. Docket No. 37. Defendants Weikal and Johnson argue that this action must be dismissed against them pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has not alleged a viable constitutional claim against them since: (1) they were not present for the event at issue; (2) they cannot be held liable simply because they are supervisors of other Defendants; and (3) they are entitled to qualified immunity. *Id.*

---

[1] On April 18, 2013, Case No. 3:12-cv-01066 was consolidated with this case number, and this case number is now the lead case. Docket No. 28, Case No. 3:12-cv-0959; Docket No. 40, Case No. 3:12-cv-1066.

1

Plaintiff has not responded to Defendants' Motion to Dismiss.

Plaintiff filed this pro se, in forma pauperis action, pursuant to 42 U.S.C. § 1983, alleging violation of his Eighth Amendment rights. Docket No. 1 in both cases.

In Case No. 3:12-cv-1066, Plaintiff sues Sheriff Daron Hall, Chief of Administration Dan Weikal, Chief of Security Jamie Johnson, Corporal Jeremi Snipes, Correctional Officer Clark Sargent, Corporal Latesia Appleton, and Correctional Officer "Hunt." Docket No. 1, Case No. 3:12-cv-1066. The allegations of the Complaint in that case, in their entirety, are as follows:

> I would like this claim to be filed on D.C.S.O. CJC, and everybody mentioned above. Reason why is because I was attacked and assAulted with Handcuffs and struck in my head several times by persons mentioned above as Defendants, If by chance I would like for video to be viewed in which it will clearly show use of unnecessary excessive force. The video footage was recorded on 8-8-12 going into 8-9-12 between the hours of 11:00p/m to 7:00a/m here at D.C.S.O. CJC in the booking process area.

*Id.*

Plaintiff seeks 2.5 million dollars in compensatory damages. *Id.* Plaintiff does not specify the capacity in which he sues Defendants, accordingly, he is deemed to sue Defendants only in their official capacity. *See id.; Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992); *Wells v. Brown*, 891. F.2d 591, 592-94 (6th Cir. 1989).

Plaintiff filed an Amended Complaint in Case No. 3:12-cv-1066, adding Lieutenant William Gise as a Defendant, but not leveling any new allegations against the existing Defendants. Docket No. 21.

As has been noted, Case No. 3:12-cv-1066 has been consolidated with Case No. 3:12-cv-

0959. *See* Docket No. 28, Case No. 3:12-cv-0959; Docket No. 40, Case No. 3:12-cv-1066. Plaintiff's Complaint in Case No. 3:12-cv-0959 names Corporal Snipes and Correctional Officer Saergent as Defendants, but proffers no specific allegations against the Defendants named in Case No. 3:12-cv-1066. *See* Docket No. 1, Case No. 3:12-cv-0959. Instead, the factual allegations of Plaintiff's Complaint in Case No. 3:12-cv-0959 pertain solely to Defendants Snipes and Saergent, and Plaintiff avers, "Cpl. Snipes and C/O Saergent are the main ones involved in this assault on me, see video." *Id.*

For the reasons set forth below, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

## II. Analysis

### A. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th

3

Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

**B. 42 U.S.C. § 1983**

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

4

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**C.  The Case at Bar**

As noted above, Plaintiff alleges that the named Defendants, only two of whom (Chief of Administration Dan Weikal and Chief of Security Jamie Johnson) are parties to the instant Motion to Dismiss, violated his Eighth Amendment rights, pursuant to 42 U.S.C. §1983. As has also been discussed above, because Plaintiff does not specify the capacity in which he sues Defendants, he is deemed to sue Defendants in their official capacity. *See Hardin*, 954 F.2d at 1199; *Wells*, 891. F.2d at 592-94.

In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). *See also, Frost v. Hawkins County Bd.*

5

*of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*.

Defendants Weikal and Johnson are employees of the Davidson County Sheriff's Office, and therefore stand in the shoes of Davidson County. In order to state a claim against Davidson County, Plaintiff must allege facts that show or imply the existence of a constitutionally deficient Davdison County official policy, practice, or custom that caused him injury. *City of Canton v. Harris*, 489 U.S. 378, 387-388 (1989). Plaintiff has failed to even allege any deficient policy, practice, or custom. Absent such allegations, Plaintiff cannot sustain his official capacity claims against Defendants Weikal and Johnson. Accordingly, Plaintiff's claims against them should be dismissed, and they should be terminated as a parties in this case.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED, and that Defendants Weikal and Johnson be TERMINATED as parties in this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge